kaw

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JO LINDA LAWSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Case No.  08-4052-JAR |
| ) | |
| JOHN E. POTTER, POSTMASTER ) | |
| GENERAL UNITED STATES POSTAL ) | |
| SERVICE, ) | |
| ) | |
| Third Party Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Jo Linda Lawson brings this action claiming that defendant United States Postal Service Postmaster General John E. Potter retaliated against for her filing of prior Equal Employment Opportunity complaints.  She seeks in excess of $300,000.00, including punitive damages for her injuries.  Before the Court is defendant's Motion to Dismiss Plaintiffs's Claim for Punitive Damages (Doc. 17).  The motion was filed on February 20, 2009, and plaintiff has not responded to date.[1]  For the reasons below, defendant's motion is granted.

Title VII provides that "[a] complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . . ."[2]  It is widely accepted that this provision precludes any claim for punitive

---

[1] D. Kan. R. 6.1(d)(2) requires a party opposing a dispositive motion to file a response within 23 days. When a party fails to file a response within the allotted time, the motion will be decided as an uncontested motion, and ordinarily will be granted without further notice.  D. Kan. R. 7.4.

[2] 42 U.S.C. § 1981a(b)(1).

damages against the United States Postal Service as a government agency.[3]  As a matter of law, therefore, plaintiff's claim for punitive damages cannot stand and defendant's motion to dismiss is granted.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's Motion to Dismiss Plaintiffs's Claim for Punitive Damages (Doc. 17) is Granted.

IT IS SO ORDERED.

Dated:  April 14, 2009

                                         S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE

---

[3] *See Robinson v. Runyon*, 149 F.3d 507, 516 (6th Cir. 1998) (concluding that the United States Postal Service is a government agency exempt from any punitive damages award under 42 U.S.C. § 1981a); *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997) (same); *Mathirampuzha v. Potter*, 371 F. Supp. 2d 159, 164 (D. Conn. 2005); *Peterson v. R.L. Brownlee*, 314 F. Supp. 2d 1150, 1155 (D. Kan. 2004); *Persons v. Runyon*, 998 F. Supp. 1166, 1170 (D. Kan. 1998).